J-S13031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMOS LEE TATE | |
| Appellant | Nos. 1349 WDA 2014 AND 1369 WDA 2014 |

Appeal from the Order Entered July 17, 2014
In the Court of Common Pleas of Erie County
Criminal Division at Nos: CP-25-CR-0000226-2012 and CP-25-CR-0000874-2011

BEFORE:  BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 14, 2015**

Appellant, Amos Lee Tate, appeals from the July 17, 2014 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-56.  We affirm.

The PCRA court's opinion sets forth the relevant procedural background:

> At Docket No. 874 of 2011, on May 14, 2012, [Appellant] was found guilty of simple assault following a jury trial.  On July 25, 2012, [Appellant] was sentenced *in absentia* to a term of 9 to 24 months' incarceration.  On July 31, 2012 [Appellant] filed a *pro se* Reconsideration of Sentence, which was denied that same day.  [Appellant] filed a *pro se* direct appeal and on May 28, 2013, his judgment of sentence was affirmed.  […]
>
> At Docket No. 226 of 2012, on July 16, 2012, [Appellant] was found guilty of simple assault following a jury trial.  On July 17, 2012, [Appellant] filed a *pro se* Motion to Nullify Or Judicial Quashi [sic], Jury, Verdict And Grant New Trial, which this Court

denied on July 23, 2012. On July 25, 2012, [Appellant] was sentenced *in absentia* to a term of 1 to 2 years' incarceration, consecutive to the sentence imposed at Docket No. 874 of 2011. Both before and after sentencing, [Appellant] filed a series of notices of appeal. On April 4, 2013, the Pennsylvania Superior Court dismissed his appeal for failure to comply with Pa.R.A.P. 3517.

On August 27, 2013, [Appellant] filed a *pro se* PCRA petition. This Court appointed PCRA counsel and on October 1, 2013, [Appellant] filed a counseled [amended petition].

PCRA Court Opinion, 6/25/14, at 1-2 (footnotes omitted).

With his PCRA petition, Appellant sought to obtain a new sentencing proceeding because he allegedly had no notice of the July 25, 2012 sentencing proceeding he failed to attend. The PCRA court issued its notice of intent to dismiss the petition without a hearing on June 25, 2014 and issued the order on appeal on July 17, 2014. The PCRA court found Appellant's issue waived because Appellant could and should have raised it on direct appeal. We must determine whether the PCRA court's order is supported by the record and free of legal error. ***Commonwealth v. Blakeney***, 108 A.3d 739, 748-49 (Pa. 2014).

The PCRA provides that waiver occurs where "the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Thus, failure to raise a claim that was available on direct appeal waives the claim for purposes of collateral review. ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1288-89 (Pa. 2014).

Here, Appellant filed direct appeals at both docket numbers. As the trial court noted, the appeal at No. 226 of 2012 was dismissed pursuant to Pa.R.A.P. 3517 (failure to file a docketing statement) and this Court affirmed the judgment of sentence at No. 874 of 2011. In the appeal at No. 874, Appellant proceeded *pro se* after a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). A prior panel of this Court concluded Appellant waived all of his issues for failing to comply with the trial court's Pa.R.A.P. 1925(a) order. **Commonwealth v. Tate** No. 852 WDA 2012 (unpublished memorandum filed May 28, 2013), at 2. The panel further noted that Appellant could not prevail even absent the waiver because his *pro se* arguments were indecipherable. **Id.** at 3 n.2. Thus, the record confirms Appellant failed to argue on direct appeal that he did not receive proper notice of the time and date of his sentencing hearing. Pursuant to § 9544(b), he waived that issue and cannot raise it on collateral review.[1]

Notwithstanding the waiver, the PCRA court's opinion makes clear that Appellant could not obtain relief:

> On May 18, 2012, at docket No. 874 of 2011, [Appellant] signed a sentencing notification form, indicating that his sentence was scheduled for July 25, 2012. He was provided with

---

[1] Given his *pro se* direct appeal, Appellant does not and cannot raise this issue under the guise of ineffective assistance of counsel. We observe that Appellant's counseled brief in this appeal spans only one paragraph and cites no legal authority. Appellant's Brief at 4-5. Indeed, the only case law citation in the entire brief appears in the statement of the standard of review. Appellant's Brief at 1.

a copy of the signed written notice. On July 17, 2012, [Appellant] appeared in this Court's chambers and was told by office staff that his sentencing at Docket No. 2226 [sic] of 2012 was rescheduled for July 25, 2012, the same sentencing date for docket No. 874 of 2011. *See*, 02/05/13 Order, Certified Record, at 47. [Appellant] indicated he would not show up at the July 25th sentencing and left before he was provided with the rescheduling order. *Id.* Finally, on July 24, 2012, [Appellant] left a voice mail message on this Court's officer answering machine stating he would not be at the July 25th sentencing. N.T. Sentencing, 07/25/12, at 5.

PCRA Court Opinion, 6/25/14, at 3.

In light of the foregoing, we conclude the PCRA court did not err in denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/2015